IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD L. WICKER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 93-41J |
| v. | ) | |
| | ) | JUDGE GIBSON |
| CONSOLIDATED RAIL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JAMES M. LANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 94-4J |
| v. | ) | |
| | ) | JUDGE GIBSON |
| CONSOLIDATED RAIL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| DONALD E. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 94-8J |
| v. | ) | |
| | ) | JUDGE GIBSON |
| CONSOLIDATED RAIL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| EDWARD L. WICKER, II.,              )<br>                                                       )<br>              Plaintiff,                       )<br>                                                       )<br>      v.                                            )<br>                                                       )<br>CONSOLIDATED RAIL CORPORATION, )<br>                                                       )<br>              Defendant.                    ) | CIVIL ACTION NO. 94-16J<br><br>JUDGE GIBSON |
| RICHARD P. PICANO,                 )<br>                                                       )<br>              Plaintiff,                       )<br>                                                       )<br>      v.                                            )<br>                                                       )<br>CONSOLIDATED RAIL CORPORATION, )<br>                                                       )<br>              Defendant.                    ) | CIVIL ACTION NO. 94-18J<br><br>JUDGE GIBSON |
| WALTER A. ZOLNA,                   )<br>                                                       )<br>              Plaintiff,                       )<br>                                                       )<br>      v.                                            )<br>                                                       )<br>CONSOLIDATED RAIL CORPORATION, )<br>                                                       )<br>              Defendant.                    ) | CIVIL ACTION NO. 94-20J<br><br>JUDGE GIBSON |
| RANDY D. COHO,                      )<br>                                                       )<br>              Plaintiff,                       )<br>                                                       )<br>      v.                                            )<br>                                                       )<br>CONSOLIDATED RAIL CORPORATION, )<br>                                                       )<br>              Defendant.                    ) | CIVIL ACTION NO. 94-26J<br><br>JUDGE GIBSON |

| | | |
|---|---|---|
| RONALD C. KEAGY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 94-33J |
| v. | ) | |
| | ) | JUDGE GIBSON |
| CONSOLIDATED RAIL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CHARLES E. JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 94-53J |
| v. | ) | |
| | ) | JUDGE GIBSON |
| CONSOLIDATED RAIL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RONALD C. HOOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 95-10J |
| v. | ) | |
| | ) | JUDGE GIBSON |
| CONSOLIDATED RAIL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JAMES A. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 95-31J |
| v. | ) | |
| | ) | JUDGE GIBSON |
| CONSOLIDATED RAIL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| DENNIS P. HOOVER,<br><br>        Plaintiff,<br><br>  v.<br><br>CONSOLIDATED RAIL CORPORATION,<br><br>        Defendant. | CIVIL ACTION NO. 95-102J<br><br>JUDGE GIBSON |
| JOHN M. KALTENBRUNNER,<br><br>        Plaintiff,<br><br>  v.<br><br>CONSOLIDATED RAIL CORPORATION,<br><br>        Defendant. | CIVIL ACTION NO. 95-105J<br><br>JUDGE GIBSON |
| JOHN A. McCREARY,<br><br>        Plaintiff,<br><br>  v.<br><br>CONSOLIDATED RAIL CORPORATION,<br><br>       Defendant. | CIVIL ACTION NO. 95-107J<br><br>JUDGE GIBSON |
| GERALD M. WILLIAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>CONSOLIDATED RAIL CORPORATION,<br><br>       Defendant. | CIVIL ACTION NO. 95-212J<br><br>JUDGE GIBSON |

```
LARRY STEELE,                        )
                                     )
            Plaintiff,               )
                                     )   CIVIL ACTION NO. 96-79J
     v.                              )
                                     )   JUDGE GIBSON
CONSOLIDATED RAIL CORPORATION,       )
                                     )
            Defendant.               )
```

```
CHARLES SMOUSE,                      )
                                     )
            Plaintiff,               )
                                     )   CIVIL ACTION NO. 96-80J
     v.                              )
                                     )   JUDGE GIBSON
CONSOLIDATED RAIL CORPORATION,       )
                                     )
            Defendant.               )
```

## MEMORANDUM OPINION and ORDER of COURT

**GIBSON, J.**

This matter comes before the Court on the Plaintiffs' Motion to Strike Conrail's Motion for Summary Judgment Pursuant to Rule 12(f) Federal Rules of Civil Procedure or in the Alternative a Motion for a More Specific Pleading Pursuant to Rule 12(e) Federal Rules of Civil Procedure(Document No. 129), Supplement to Plaintiffs' Opposition to Conrail's Motion for Summary Judgment Pursuant to Rule 15 (a) Federal Rules of Civil Procedure, Notice of Intent to Request Judicial Notice of an Adjudicative Fact Pursuant to Rule 201 of the Federal Rules of Evidence and Motion to Continue Disposition of Defendant's Motion for Summary Judgment to Obtain Discovery Related Thereto Pursuant Rule 56(f) Federal Rules of Civil Procedure (Document No. 130), Plaintiffs' Motion to Request

Oral Argument (Document No. 131), Conrail's Response to (i) Plaintiffs' Supplement to Opposition to Motion for Summary Judgment, (ii) Notice of Intent to Request Judicial Notice of an Adjudicative Fact, and (iii) Motion to Continue Disposition of Motion for Summary Judgment (Document No. 132), Plaintiffs' Reply to Conrail's Response and Motion to Strike (Document No. 133), Plaintiffs' Motion for Reconsideration (Document No. 134), Conrail's Response to Plaintiffs' Second Supplemental Summary Judgment Submission, Etc. and Motion to Strike (Document No. 135), and Conrail's Response to Plaintiffs' Motion for Reconsideration (Document No. 136).[1] All of these documents have been filed after the filing of the Defendant's Motion for Summary Judgment and concurrent with or after the Plaintiffs' Brief in Opposition to Summary Judgment filed with Document Number 129. Before the Court can proceed separately with ruling upon the outstanding Motion for Summary Judgment in each case, the Court finds it prudent to address the issues raised by the parties in the motions and briefs set forth above.

I.  **PLAINTIFFS' MOTION TO STRIKE CONRAIL'S MOTION FOR SUMMARY JUDGMENT (DOCUMENT NO. 129)**

The Plaintiffs move to Strike the Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(f) or alternatively move for a more specific pleading under Federal Rule of Civil Procedure 12(e). The Plaintiffs argue specifically that the Defendant has not set forth any "uncontroverted fact which is dispositive to a single plaintiff's [sic] to prove an element of his actions"

---

[1] The document numbers contained in this Memorandum Opinion are those found at Civil Action Number 93-41J although these documents were filed separately at all of the above captions. For purposes of simplicity, the Court will refer collectively to the motions filed by the individual Plaintiffs by the document numbers from Civil Action Number 93-41J in conducting its analysis, with the understanding that the analysis applies to all of these identical motions as filed in the above-captioned seventeen civil actions.

and "fails to identify any basis for the legal insufficiency of these FELA-actions" Plaintiffs' Motion, p. 4. Contrary to Plaintiffs' assertions, the Defendant has submitted a brief containing its argument as well as a "Concise Statement of Material Facts" (Document No. 128 at C.A.No. 1993-41J) pursuant to Local Rule 56.1(B)(1); the Defendant has submitted the correct documentation for this summary judgment and this Court will be the judge of whether these submissions demonstrate dispositive facts and a sufficient legal basis for summary judgment to be granted.

Plaintiffs' counsel on the other hand has failed to file a responsive concise statement to the Defendant's Concise Statement of Material Facts pursuant to Local Rule 56.1(C)(1). Therefore, it is the Plaintiffs who have failed to controvert the Defendant's proposed statements of undisputed material facts, a submission that was due July 30, 2005, but is now untimely. As a result, the Defendant's submissions of material facts will be considered admitted by the Plaintiff for purposes of this Court's forthcoming summary judgment opinion in each case. *See* Local Rule 56.1(E).

Furthermore, the Plaintiffs seek relief under Federal Rules of Civil Procedure 12(e) and 12(f), which provide for motions for a more definite statement or a motion to strike respectively, both of which are proper relief for a defective pleading, not a motion. The Defendant's Motion for Summary Judgment in each case is a motion and not a pleading. *See* Fed R. Civ. P. 7(a) and 12. This matter will be explored further in subsection III. For these reasons, this Motion is denied.

## II.   PLAINTIFFS' MOTION TO REQUEST ORAL ARGUMENT (DOCUMENT NO. 131)

The Plaintiffs believe that the Court should preside over oral argument as to the matters of the Defendant's Motion for Summary Judgment, and the Plaintiffs' Notice of Intent to Request Judicial Notice of an Adjudicative Fact Pursuant to Rule 201 of the Federal Rules of Evidence and Motion to

Continue Disposition of Defendant's Motion for Summary Judgment to Obtain Discovery Related Thereto Pursuant Rule 56(f) Federal Rules of Civil Procedure. The Court disagrees and finds that the record before it is substantial and more than sufficient to reach a determination of the Defendant's Motion for Summary Judgment in each case, and that any oral argument would further delay the summary judgment process and be repetitious of the issues and the lengthy factual record already before the Court. This Motion is denied.

### III. PLAINTIFFS' SUPPLEMENT, NOTICE OF INTENT AND MOTION TO CONTINUE (DOCUMENT NO. 130) AND CONRAIL'S RESPONSE TO PLAINTIFFS' SUPPLEMENT, *ET AL.* (DOCUMENT NO. 132)

Plaintiffs seek to supplement their opposition to the Defendant's Summary Judgment by submitting documentary evidence pursuant to Federal Rule of Evidence 15(a). The Defendant opposes such supplementation arguing that Rule 15(a) does not apply to motions, but only pleadings as defined by Federal Rule of Civil Procedure 7(a). The Court agrees. The cases of *Heyl & Paterson Int'l Inc. v. F.D. Rich Housing Of Virgin Islands, Inc.*, 663 F.2d 419 (3d Cir. 1980), *cert. denied sub nom., F.D. Rich Housing of the Virgin Islands, Inc. v. Gov't of the Virgin Islands*, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1981); *Long v. Wilson*, 393 F.3d 390 (3d Cir. 2004); and *Adams v. Gould, Inc.*, 739 F.2d 858, 867-868 (3d Cir. 1984) *cert. denied*, 469 U.S. 1122, 105 S.Ct. 806, 83 L.Ed.2d 799 (1985), as cited by the Plaintiffs are inapposite as they refer to pleadings: affirmative defenses in an answer, a complaint and an answer, respectively.

A clear reading of the Federal Rules of Civil Procedure as a whole defines the word "pleadings" and applies such nomenclature to a complaint, an answer, a reply to counterclaims, answer to cross-claim, third-party complaint, third-party answer, and a reply to answer or third-party answer if ordered by the

8

Court. Fed R.Civ.P. 7(a). Further it has been stated that:

> Rule 15(a) specifically provides that a party may amend a "pleading." That term must be interpreted in conjunction with Rule 7(a), which enumerates the pleadings permitted in federal practice as follows: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, and, pursuant to court order, a reply to an answer or third-party answer. Rule 15(a) applies to each of these pleadings.
>
> Under a literal application of Rule 15(a), therefore, motions are not "pleadings" and the amendment of a motion will not be permitted under subdivision (a). By employing the same reasoning, some courts have concluded that the filing of a motion does not constitute a "responsive pleading" and therefore does not terminate the time within which a pleading may be amended as of right. In light of the express but limited incorporation by Rule 7(b)(2) of only certain aspects of the federal rules relating to pleading, the conclusion that the reference to pleadings in Rule 15(a) does not include motions seems sound.

6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1475 (2d ed. 1990)(footnotes omitted). However, it is also noted in the same section that amendment of a motion should be permitted in order to be consistent with the liberal amendment policy of Rule 15(a) when such amendment is made before the decision on the subject motion and the omission of information is based upon an inadvertency. Even if the Court were to read the Rules of Civil Procedure in a liberal manner and permit amendment of motions even in the absence of that power under Rule 15(a), nowhere in the Plaintiffs' supplement is it indicated that the information submitted was based upon mistake or inadvertence; rather it appears to be another attempt at further argument in the absence of a reply by the Defendant.

If the parties to any civil action, particularly the cases *sub judice*, cannot muster their arguments on time, a motion for extension of time should be submitted to request further time rather than an attempt to amend their earlier submission in what looks to be a recasting of their opposition, as the Plaintiffs appear to have attempted here. Plaintiffs' counsel has utilized this inappropriate method previously with

9

regard to an outstanding motion *in limine* which the Court resolved in March of this year and this Court will not tolerate continual and possibly "frivolous" submissions that further delay resolution of outstanding motions in the cases *sub judice*. The Plaintiffs' supplement appears to the Court to be an argument based upon an afterthought occurring subsequent to the Plaintiffs' timely submission. The Court will not indulge any party in any action that does not respect the Court's time, particularly when the Plaintiffs' counsel delays his own clients' prosecution of this matter because he did not thoroughly prepare his opposition. Resolution of the present motions further delay resolution of the outstanding motion for summary judgment pending in each case and the Court makes Plaintiffs' counsel aware that a defendant's reasonable desire to have a resolution of an outstanding matter before the court is as important as a plaintiff's desire to have such resolution. The Court will grant the Defendant's Motion and strike the Plaintiffs' Supplement and accompanying exhibits.

As to the Plaintiffs' Motion to Continue Disposition of Defendant's Motion For Summary Judgment to Obtain Discovery Related Thereto Pursuant to Rule 56(f) Federal Rules of Civil Procedure, the Court will deny this Motion as well. As correctly pointed out by the Defendant, the Plaintiffs have not submitted affidavits in support of their Rule 56(f) Motion. "[A]n affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained" is required for a discovery request pursuant to Rule 56(f) and in the absence of such an affidavit, a party has not procedurally complied with the rule. *Dowling v. City of Philadelphia*, 855 F.2d 136, 140 (3d Cir.1988). The Court will not accept the documentation of the Defendant's criminal conviction submitted by the Plaintiffs as a substitute for a proper affidavit by the Plaintiffs detailing the requirements set forth in *Dowling*.

It has also been noted that when a "party has had a reasonable opportunity for discovery" the request for a continuance for further discovery pursuant to Rule 56(f) should be denied. 10B WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2741 (3d ed. 1998)(footnote omitted). The Court notes that in the great majority of these civil actions the discovery period ended more than eight years ago on June 30, 1997 and expert discovery ended on July 31, 1997.[2] Additionally, the current Plaintiffs' counsel requested permission from Judge Fullam for time outside of discovery to have positron emission tomography (PET) conducted and presented to the Court for each of the Plaintiffs, but counsel only obtained evidence of three PET scans for Plaintiffs Lang, Keagy and Frye[3] and later withdrew this evidence at the time of argument on the Defendant's Motion *in Limine* on October 8, 2004. *Wicker v. Consolidated Rail Corporation*, 371 F.Supp.2d 702, 741 (W.D.Pa. 2005).

The Plaintiffs indicate that there is evidence that they wish to pursue in the requested discovery and that this evidence will potentially help their claims, but they fail to indicate why such evidence, specifically evidence originating from the separate criminal action against the Defendant, which ended in a conviction of the Defendant in 2000, was not sought in discovery prior to the Court establishing deadlines in March of this year for the current summary judgment proceedings. In addition, the epidemiology discovery sought by the Plaintiffs has previously been denied by this Court. Discovery has been conducted and closed in this matter for a considerable amount of time; consideration of a motion for summary judgment in each case is now appropriate. For these reasons this Motion is denied.

---

[2] For the summary judgment motions in these matters, this Court subsequently ordered a briefing schedule that began with the filing of such motions on June 30, 2005 and ended with the sur-reply briefing deadline of August 31, 2005.

[3] The case of *Frye v. Consolidated Rail Corporation*, C.A.No. 1994-23J was dismissed with prejudice by Order of Court dated May 27, 2005 and was not appealed.

Finally, the Plaintiffs have requested judicial notice of adjudicative facts pursuant to Federal Rule of Evidence 201. The facts sought to be judicially noticed are those contained in an affidavit of probable cause for issuance of an arrest warrant, a criminal information and an amended order of sentence (due to caption error) all filed in the criminal action entitled *Commonwealth of Pennsylvania v. Consolidated Rail Corporation*, 996 CR 2000 (Ct. Com. Pl., Blair County, Pa. 2000). The Defendant essentially challenges this request arguing that the facts included within the criminal pleadings are not relevant because the Plaintiffs cannot prove their exposure occurred as a result of the specific crimes to which a plea of guilty was entered and that the violations in question were violations of environmental regulations that did not concern specific "human exposure or occupational contamination." Defendant's Response, p. 9 (Document No. 132).

Without considering the relevancy of such facts, the Court concludes that the information sought to be judicially noticed can be so noticed by the Court. The Plaintiffs seek judicial notice of facts that were admitted to by the Defendant in its guilty plea made in the Court of Common Pleas of Blair County, Pennsylvania on July 7, 2000. At paragraph seventeen of the guilty plea colloquy (Document No. 130, Exhibit 4), the Defendant admits to the offenses outlined within the guilty plea colloquy and which can also be found within the criminal information (Document No. 130, Exhibit 2). The Court is able to take judicial notice of the admissions of the Defendant made in this separate state criminal matter, as such admissions by the fact that they are admissions, have become indisputable facts. WEINSTEIN'S FEDERAL EVIDENCE 2D § 201.12[3] n. 48 (Joseph M. McLaughlin, 2005)(citing *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995).

The Court will address the Defendant's relevancy arguments in the respective motions for

summary judgment.

Furthermore, the Plaintiffs' request to dismiss the Defendant's Motion for Summary Judgment in each case is denied at this time as the Court intends to consider this issue as part of its consideration of the Defendant's Motion for Summary Judgment in each case and the evidence that was properly submitted by both Plaintiffs and Defendant on that matter.

### IV.    PLAINTIFFS' MOTION TO STRIKE (DOCUMENT NO. 133)

The Plaintiffs move to strike the Defendant's Motion for Summary Judgment in each case based upon the argument that the Defendant did not cite the correct and applicable case law for the pending motion for summary judgment. The Court takes this opportunity to state that it never considers a party's submissions to be the exclusive universe of applicable case law on a matter before the Court. The Court will apply the applicable precedent no matter what the submissions of the parties contain on these matters. Therefore, the Court does not find this to be an appropriate basis upon which to strike the Defendant's motion in each case in its entirety and it assures the parties that the applicable case law will be followed in the Court's forthcoming Memorandum Opinion whether the parties took the time to brief such law or not. The Plaintiffs' motion is denied.

### V.    PLAINTIFF'S MOTION FOR RECONSIDERATION (DOCUMENT NO. 134) AND CONRAIL'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION (DOCUMENT NO. 136)

The Plaintiffs move for reconsideration of the Court's orders of September 24, 2004 and September 29, 2004 which concerned the reopening of discovery and supplementation of the Plaintiffs' argument on October 8, 2004 with the testimony of Donna L. Wilson, CIH-CSP. Clearly, the orders in question were interlocutory and not final in nature. Still the Plaintiffs seek relief in the instant motion

based upon Federal Rule of Civil Procedure 60(b)(2) which permits relief from a final order when newly discovered evidence is revealed. Rule 60 is not intended to apply to interlocutory orders of court and the Plaintiffs' motion for reconsideration is therefore grounded in the inherent power of this Court to reconsider its decisions so as to do justice. FED R.CIV. P. 60, advisory committee's note.

Whether styled as a motion under Rule 60(b)(2) or a motion for reconsideration, the Plaintiff's motion is denied. The Plaintiffs base their motion on two groups of "newly discovered evidence": first, "nuclear imaging, neurological, proteomic, genomic and environmental medicine capabilities [of] these plaintiffs to provide up-dated differential diagnoses of their injuries" offered to the Plaintiffs by Windber Hospital and Research Institute and second, documentation from the guilty plea and conviction of the Defendant in the criminal matter of the *Commonwealth of Pennsylvania v. Consolidated Rail Corporation*, 996 CR 2000 (Ct.Com.Pl. Blair County, Pa. 2000). Plaintiff's Motion ¶ ¶ 1-20. The Court does not regard these offers of proof as "newly discovered evidence" because the medical evidence to be introduced does not even exist yet since this testing and diagnoses have not been performed. Therefore, the Plaintiffs are without knowledge as to how this evidence will demonstrate positive proof even when it comes into existence. Second, the documentation from the criminal conviction of the Defendant has been of public record for five years; the Plaintiffs have not demonstrated that it was in any way undiscoverable until the filing of this motion (*e.g.* being under seal). These documents have been in existence since before the Plaintiffs' counsel entered his appearance last year. It appears these criminal filings were not discovered because of lack of due diligence on the part of Plaintiffs' counsel and not because of the inability to discover the documents earlier. Therefore, the Court finds no new evidence that would establish a need for the re-opening of discovery.

Finally, the Court denies the Plaintiffs' alternative request for *nunc pro tunc* relief as such relief is utilized for the correction of clerical errors and not reconsideration of substantive discretionary decisions of a court. *See* 46 AM. JUR. 2D *Judgments* § 166 (2005).

**MISCELLANEOUS ISSUES**

The Plaintiffs in their Reply to Conrail's Response (Document No. 133) raise other issues that the Court must address.

The first issue is the ability of the Plaintiffs themselves to qualify as experts on their own symptoms and progression of the symptoms as a result of chemical exposure in accordance with the precedent of *Oddi v. Ford Motor Co.*, 234 F.3d 136 (3d Cir. 2000) and *Lauria v. National Railroad Passenger Corp.*, 145 F.3d 593, 598-599 (3d Cir. 1998). The Court has not been asked to determine if each of the Plaintiffs qualifies as an expert at this time and the Court will not make such a determination until asked to do so or until their qualifications are challenged by the Defendant. The Plaintiffs broach this subject in order to demonstrate that support exists in the record for their FELA claims sufficient to survive the motion for summary judgment in each case. In response, the Court notes that the Plaintiffs at the very least may testify as to the illnesses and related symptoms they have experienced; beyond that recognition, the Court will not offer any further observations for lack of a pending issue to be resolved as to the expertise or lack thereof of the Plaintiffs. Additionally, the pretrial statements of the Plaintiffs and the summary judgment record do not contain any material excerpts of the Plaintiffs' deposition testimony designated as expert testimony. Specifically, as noted above, Plaintiffs' counsel did not submit proposed concise statements of material facts referencing the proposed testimony of the Plaintiffs he seeks to have admitted at trial. Therefore, absent a record of such testimony, the Court cannot find a

supporting record for this specific argument made to oppose summary judgment.

Second, the Plaintiffs reference supplementation of discovery responses pursuant to Rules of Federal Procedure 26 e) 1) and e) 2), specifically testimony and information originating from Dr. David Bishop who worked as the Defendant's Regional Medical Director at the Defendant's properties in question in these civil actions. The Defendant contends that this supplementation is improper as Rule 26(a) initial disclosures did not apply to these cases as they were commenced before the enactment of Rule 26(a) initial disclosure requirements. However, to the contrary, the only remaining civil action of the seventeen related cases before the Court that was initiated before the December 1, 1993 amendment to Rule 26 is *Wicker v. Consolidated Rail Corporation*, C.A.No. 93-41J. Still, even *Wicker* had its case management order entered on December 10, 1993, nine days after Rule 26(a) initial disclosures became required. While this supplementation may be appropriate under the Federal Rules of Civil Procedure, the Court will not engage itself to resolve a discovery dispute that is not before the Court. Additionally, it does not necessarily follow that such evidence will be admissible at trial. Returning to the issue of the current summary judgment motion pending in each case, the Plaintiffs have not submitted Dr. Bishop's evidence with their Opposition to Summary Judgment presently before the Court (*see* Document No. 129), but have submitted this evidence in their Reply to Conrail's Response. Therefore, Dr. Bishop's testimony and supporting evidence was not properly made part of the record for the current summary judgment motion pending in each case.

Third, the Plaintiffs' reliance on *Reis v. National R.R. Passenger Corp.*, 960 F.2d 1156, 1160-1161 (3d Cir. 1992) to support their argument that the Defendant's criminal conviction supports their claims for negligence under FELA is moot because of this Court's ruling above that the Defendant's

admissions underlying the guilty plea which resulted in the Defendant's criminal conviction will be judicially recognized by the Court. *See* Plaintiff's Reply to Conrail's Response, pp. 31-32. Because of these judicially noticed facts, exposure to various chemicals by the Plaintiffs will be assumed, where relevant, in the summary judgment analyses conducted by the Court as to each Plaintiff.

The Plaintiffs also couple their *Reis* argument with the offer of testimony from Dr. Bishop and the Current Intelligence Bulletins from the National Institute for Occupational Safety and Health arguing that a violation of the Occupational Health and Safety Administration's General Duty Clause is evidence of negligence under FELA. While it is true such evidence may support the Plaintiffs' claims, the Court finds that such evidence is not part of the record on summary judgment as the Plaintiffs have not properly submitted this evidence as part of a concise statement of material facts, appendix and brief in opposition nor its opposition filed at Document Number 129. The Plaintiffs' failure to specifically controvert the proposed statements of material facts as submitted by the Defendant results in the admission by the Plaintiffs of the Defendant's proposed statements of undisputed facts. *See* Local Rule 56.1 E) and Section I, *supra*.

Finally, the Court will address the Defendant's request for a Court directive pursuant to Rule 11 in its Response to Plaintiffs' Motion for Reconsideration (Document No. 136). The Court warns Plaintiffs' counsel that many of his filings subsequent to the Defendant's Motion for Summary Judgment filed in each case could arguably be considered as causing "unnecessary delay" and being "frivolous" under Rule 11(b). This is evident from the fact that the Court had to issue this Memorandum Opinion prior to being able to consider the outstanding Motion for Summary Judgment and the Plaintiff's opposition thereto in each of the seventeen cases. The Court will not issue a formal sanction at this time.

Specifically, the Court finds that the Defendant has not properly made a Rule 11 motion as such motion for the directive was not filed separately and, additionally, the Court is without knowledge regarding whether the Defendant *served* but did not file the Rule 11 motion upon Plaintiffs' counsel in accordance with the safe harbor provision of Rule 11 (c)(1)(A). The Court at this point will not make a *sua sponte* motion for Rule 11 sanctions and issue a rule to show cause under Rule 11(c)(1)(B). However, the Court now makes it clear to all parties that it is currently considering the Defendant's Motion for Summary Judgment in each case and it also agrees with Plaintiffs' current counsel that the Plaintiffs themselves did not cause the seven year delay in these matters. It must also be recognized that this Court and the Defendant's counsel did not cause the seven year delay either. Nevertheless, these matters are before this Court for consideration of the Defendant's Motion for Summary Judgment in each case and any further filing of motions in any of these matters that the Court finds to be frivolous and thus causing unnecessary delay to the consideration of the Motion for Summary Judgment in any of the cases will result in a rule to show cause why sanctions should not be imposed upon the counsel filing such motion. The Defendant's request for a Rule 11 sanction of a Court directive is denied.

An appropriate Order follows.

AND NOW, this 27th day of December, 2005, this matter coming before the Court on various motions and briefings of the parties, IT IS HEREBY ORDERED THAT:

1) The Plaintiffs' Motion to Strike Conrail's Motion for Summary Judgment Pursuant to Rule 12(f) Federal Rules of Civil Procedure or in the Alternative a Motion for a More Specific Pleading Pursuant to Rule 12(e) Federal Rules of Civil Procedure (Document No. 129 at C.A. No. 93-41J and at the respective docket numbers in the above-captioned cases) is DENIED in all cases;

2) The Plaintiffs' Motion to Continue Disposition of Defendant's Motion for Summary Judgment to Obtain Discovery Related Thereto Pursuant to Rule 56(f) Federal Rules of Civil Procedure or in the alternative *Nunc Pro Tunc* Relief (Document No. 130 at C.A. No. 93-41J and at the respective docket numbers in the above-captioned cases) is DENIED in all cases and the Plaintiffs' Notice of Intent to Request Judicial Notice of an Adjudicative Fact Pursuant to Rule 201 of the Federal Rules of Evidence (Document No. 130 at C.A. No. 93-41J and at the respective docket numbers in the above-captioned cases) is GRANTED in all cases;

3) The Plaintiffs' Motion to Request Oral Argument (Document No. 131 at C.A. No. 93-41J and at the respective docket numbers in the above-captioned cases) is DENIED in all cases;

4) The Plaintiffs' Motion to Strike (Document No. 133 at C.A. No. 93-41J and at the respective docket numbers in the above-captioned cases) is DENIED in all cases; and

5) The Plaintiffs' Motion for Reconsideration (Document No. 134 at C.A. No. 93-41J and at the respective docket numbers in the above-captioned cases) is DENIED in all cases. IT IS FURTHER ORDERED THAT the Plaintiffs' Supplement (Document No. 130 at C.A. No. 93-41J and at the respective docket numbers in the above-captioned cases) is stricken from the record along with its accompanying exhibits; and IT IS FURTHER ORDERED THAT the Defendant's Motion for Sanctions is DENIED.

BY THE COURT:

*Kim R. Gibson*

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

cc: George Chada, Esq.
Stephen M. Houghton, Esq.
Peter T. Stinson, Esq.
J. Lawson Johnston, Esq.